**Waldimar G. WITT, Plaintiff— Appellant,**

v.

**Janel Jenson GARDENER;  et al., Defendants—Appellees.**

No. 06–35118.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007.*

Filed March 19, 2007.

Waldimar G. Witt, Boise, ID, pro se.

Carlton R. Ericson, Esq., Naylor & Hales, Boise, ID, for Defendants–Appellees.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

Waldimar G. Witt, an Idaho state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging prison officials violated his rights by imposing disciplinary sanctions against him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment to defendants on Witt's procedural due process claims arising from

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

his receipt of two Disciplinary Offense Reports ("DOR") because Witt failed to show that he was deprived of a liberty interest, or subjected to an atypical and significant hardship in the terms of his confinement. *See Sandin v. Conner*, 515 U.S. 472, 483–87, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (A prisoner bringing a due process claim must show that he was deprived of a "liberty interest" or subjected to punishment that imposed an "atypical and significant hardship on the inmate in relation to ordinary incidents of prison life").

The district court properly granted summary judgment to defendants on Witt's substantive due process claims because Witt presented no evidence that the defendants acted in an arbitrary manner with regard to the DOR's. *See Burnsworth v. Gunderson*, 179 F.3d 771, 775 (9th Cir. 1999).

The district court properly granted summary judgment to defendants on Witt's retaliation claims because Witt failed to state any facts to support the claims. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir.2005) (a retaliation claim must allege that a prisoner was retaliated against for exercising his constitutional rights and the retaliatory action did not advance legitimate penological goals).

Witt's remaining contentions lack merit.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.